" PUBLIC OFFICE " — DUAL OFFICE HOLDING The statutory prohibitions contained in 51 O.S. 6 [51-6] (1971), do not apply to faculty members of Oklahoma State Colleges, in that such a position is not a "public office" within the meaning of the statute. In addition, it cannot be concluded as a matter of law, pursuant to 74 O.S. 1401 [74-1401] through 74 O.S. 1416 [74-1416] (1971), known as the Oklahoma Code of Ethics for State Officials and Employees Act of 1968, that a faculty member of an Oklahoma State college will have conflict of interest in accepting employment as a city councilman, and therefore such question cannot be answered by this office. The Attorney General's office is in receipt of your recent opinion request wherein you raise, in effect, the following question: May an individual serve on the faculty of an Oklahoma State college and serve as city councilman at the same time? The Oklahoma Statutes prohibiting an individual from assuming two positions simultaneously, commonly referred to as dual office holding, is Title 51 O.S. 6 [51-6] (1971), which section provides: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." A previous Attorney General's opinion, that is Opinion 73-114, has held that both positions held must be "public offices" or offices "under the laws of the State." In Guthrie Daily Leader v. Cameron, 3 Okl. 677,41 P. 635 (1895); the Oklahoma Supreme Court defined "public offices" as follows: "A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public; that some portions of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, to be exercised for the public benefit." From the above quoted opinion it is clear that the position of a faculty member of an Oklahoma State College does not fall within the purview of a "public office" or an office "under the laws of the State." This position is consistent with Opinion No. 72-271, issued December 27, 1972, wherein, it was stated that teachers, principals and district superintendents are not "officers" within the meaning of 51 O.S. 6 [51-6] (1971). Since employment as a faculty member is not within the prohibition of the statute, there is no prima facie conflict wherein an individual serves as a faculty member of an Oklahoma State College and at the same time hold a position as a city councilman. However, of further applicability to the question presented, is the prohibition raised in 74 O.S. 1404 [74-1404] (1971), which section deals with acts prohibited by State employees. Section 1404 states in pertinent part: "No State employee shall: "(e) Receive any compensation that would impair his independence of judgment, for his services as an officer or employee of any state agency, from any source other than the State of Oklahoma unless otherwise provided by law; or "(f) Accept other employment which would impair the sufficiency or independence of judgment in the performance of his public duty." It is clear that under the above quoted statutes no " State employee " as broadly defined in the Oklahoma Code of Ethics for State Officials and Employees Act of 1968, may "accept other employment which would impair his efficiency or independence of judgment in the performance of his duty." This statutory requirement is applicable to faculty of an Oklahoma State College, although the specific application of the prohibition will depend upon the facts and circumstances of each individual case, when and where such alleged conflict of interest is called into question. Therefore, it is the opinion of the Attorney General that the statutory prohibitions contained in 51 O.S. 6 [51-6] (1971), do not apply to faculty members of Oklahoma State Colleges, in that such a position is not a "public office" within the meaning of the statute. In addition, it cannot be concluded as a matter of law, pursuant to 74 O.S. 1401 [74-1401] through 74 O.S. 1416 [74-1416] (1971), known as the Oklahoma Code of Ethics for State Officials and Employees Act of 1968, that a faculty member of an Oklahoma State college will have conflict of interest in accepting employment as a city councilman, and therefore such question cannot be answered by this office. (Donald B. Nevard) ** SEE: OPINION NO. 92-568 (1992) ** ** SEE: OPINION NO. 75-196 (1975) **